# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **IODAPT, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **NETGEAR, INC.,** <br><br> Defendant. | **CIVIL ACTION NO. 2:14-cv-196** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which IOdapt, LLC ("IOdapt" or "Plaintiff"), makes the following allegations against NetGear, Inc. ("NetGear" or "Defendant").

## PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. IOdapt's president is Daniel F. Perez.

3. On information and belief, Defendant NetGear, Inc. ("NetGear"), is a Delaware corporation with its principal place of business at 350 East Plumeria Drive, San Jose, CA 95134. On information and belief, Defendant NetGear has not appointed an agent for service of process in Texas.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, NetGear is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## WILLFUL INFRINGEMENT OF U.S. PATENT NO. 8,402,109

7. Plaintiff is the owner by assignment of United States Patent No. 8,402,109 ("the '109 Patent") entitled "Wireless Router Remote Firmware Upgrade" – including all rights to recover for past and future acts of infringement. The '109 Patent issued on Mar. 19, 2013. A true and correct copy of the '109 Patent is attached as Exhibit A.

8. Upon information and belief, NetGear directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (the "infringing products/systems") that infringe or, when used by their intended users in the manner intended by NetGear, infringe(d) one or more claims of the '109 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. On information and belief, these products include at least the NetGear wireless routers designated AC1900-R7000, N450-WNR2500 and WNDR4720.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed directly, and/or indirectly by way of inducing and/or contributing to the infringement of, the '109 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '109 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '109 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the filing of this Complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

Dated: March 7, 2014

          Respectfully Submitted,

          **IODAPT, LLC**

          By: /s/ Kenneth Thomas Emanuelson
          Kenneth Thomas Emanuelson
          Texas State Bar No. 24012593
          The Emanuelson Firm
          4053 Santa Barbara Drive
          Dallas, Texas 75214
          Phone: 469-363-5808
          ken@emanuelson.us

          /s/ Ronald W. Burns
          Ronald W. Burns
          Texas State Bar No. 24031903
          Ronald W. Burns, Esq.
          15139 Woodbluff Drive
          Frisco, Texas 75035
          Phone: 972-632-9009
          rburns@burnsiplaw.com

          **ATTORNEYS FOR PLAINTIFF**
          **IODAPT, LLC**